IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAHZIAH ROY Lewis | Criminal Action No.<br>1:20-CR-365-3-TWT-LTW-3<br><br>Civil Action<br>1:22-cv-2383-MLB-LTW |

**Government's Response to Petitioner's 18 U.S.C. § 2255 Motion to Vacate Sentence**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Dashene A. Cooper, Assistant United States Attorney, for the Northern District of Georgia, hereby files this Motion in Response to Petitioner's 18 U.S.C. § 2255 Motion to Vacate Sentence. Notwithstanding that Lewis was sentenced to 57 months concurrently in all four counts, Lewis argues that he received ineffective assistance of counsel because his counsel should have objected to a sentencing enhancement for *one* of the concurrent counts. His argument, however, fails to demonstrate any prejudice under *Strickland* because, under the "concurrent doctrine," if a defendant is given concurrent sentences on several counts, and the conviction on one count is found to be valid, an appellate court need not consider the validity of the convictions on the other counts. Moreover, Lewis's claim also fails because he cannot show a "complete miscarriage of justice" based on an alleged misapplication of the advisory

1

sentencing guidelines.

# I.
# Introduction

On October 4, 2020, Jahziah Roy Lewis was arrested on a complaint, which charged him with gun trafficking as he attempted to board a plane on a one-way ticket headed to the United Kingdom, which he purchased a few days earlier. Roughly a week later, Lewis, Clairvorn Kelly, and Deja Bess were named in the thirty-five-count First Superseding Indictment returned and filed in the Northern District of Georgia on October 13, 2020. (Presentence Report ¶ 1). On June 8, 2021, Jahziah Roy Lewis pleaded guilty to Count One (Conspiracy to Make False and Fictitious Written Statements to a Licensed Firearms Dealer), Count Twenty-seven (Possession of a Firearm with an Obliterated Serial Number), Count Twenty-nine (Submitting False Export Information), and Count Thirty-four (Possession with Intent to Distribute Marijuana).

# II.
# Relevant Procedural and Factual Background

A.  **Factual Background**

Lewis is a firearm and drug trafficker. He was born in St. Kitts but later became a United Kingdom citizen. Lewis traveled to the United States on a temporary non-immigrant visa.[1]

Lewis's firearm trafficking operation popped on law enforcement's radar screen in February 2020, when United Kingdom (UK) police seized three Taurus firearms destined to be sold into the criminal market in the UK. (PSR ¶ 22). The

---

[1] A nonimmigrant visa (NIV) is issued to a person with permanent residence

outside the United States, but wishes to be in the U.S. on a temporary basis for tourism, medical treatment, business, temporary work or study, as examples.

UK police arrested three people and charged them with conspiracy to supply firearms. *Id.* UK Police provided the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) with serial numbers recovered six firearms, which led ATF agents to Lewis's straw purchasers, co-defendants Clairvorn Kelly and Deja Bess. According to purchasing records, Kelly purchased the three Taurus pistols recovered in the United Kingdom on December 4, 2019. *Id.* Less than two weeks later, UK authorities intercepted two more firearms, which were purchased by Bess. *Id.* And further investigation showed that Kelly had purchased two firearms in October 2019.

Based on these recoveries, ATF began to research Kelly and Bess's firearm purchases more closely. The investigation showed that Kelly and Bess purchased a total of 39 firearms**.** *Id.* at ¶ 23. With these findings, ATF agents interviewed Kelly, who confessed that he purchased numerous firearms at Lewis's behest. *Id* at ¶ ¶ 51-58. He also recruited Bess to purchase an additional 10 firearms. Kelly told investigators that he obliterated the serial numbers and shipped the firearms at Lewis's direction. *Id.* After obliterating the serial numbers, Lewis explained to Kelly where to mail the firearms. *Id.* But before mailing the firearms, Lewis explained how to hide the items to avoid detection. Kelly and Bess also used false names on the shipping label to further avoid law enforcement. ATF reviewed Kelly's cellphone which was replete with messages between Lewis and Kelly. (*Id.* at ¶ 53). After delivering the firearms, Lewis paid Kelly roughly $200-$300 for each smuggled firearm. Kelly admitted that he sent firearms to USVI St. Croix / Nevis and the United Kingdom.

3

Lewis, however, did not stop there. Lewis decided to diversify his trafficking operation and directed Kelly to smuggle marijuana both domestically and internationally. *Id.* at ¶ 53. As with the firearms, Kelly purchased marijuana and then hid the drugs in various containers to avoid detection. However, two of these shipments were intercepted. On April 29, 2020, Kelly shipped 1.54 kilograms of marijuana to St Kitts. *Id.* at ¶ 60. And two months later, Kelly again attempted to ship an additional 2.95 kilograms of marijuana, this time to St. Maarten.

On October 1, 2020, the same day the Indictment against him was unsealed, Lewis obtained an outbound ticket for a flight from the United States to the United Kingdom set to depart on October 4, 2020. *Id.* at ¶ 62. On October 5, 2020, Lewis was arrested without incident at the airport in Miami, Florida. He did not give a statement incident to arrest. *Id.* at ¶ 63.

    **B.**    **Sentencing and PSR Findings**

The court found that Defendant's base offense level for Counts 1, 27, 33, and 34 was 12, after sustaining Defendant's objection that he was not a prohibited person under Application Note 3 of U.S.S.G. § 2K2.1. The court then applied a specific offense characteristic pursuant to USSG § 2K2.1(b)(1)(C) and enhanced the base offense level for each count by six levels for the 39 firearms involved in the offense. The court also increased the offense level by four levels for each count because two of the firearms seized in the United Kingdom had obliterated serial numbers. The court then applied an additional four level increase for each count because the Defendant transferred a firearm with knowledge, intent, or reason to believe that it would be transported out of the United States, but it

4

sustained Defendant's objection that he should not receive a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for trafficking firearms. And the court decreased his adjusted guidelines for each count by three levels pursuant to U.S.S.G. §3E1.1(a) and (b) for accepting responsibility.

The court determined that the total offense level was 25 and that since Defendant had a Criminal History Category I, his advisory guidelines range for each count was 57 to 71 months[1]. After considering the factors under 18 U.S.C. § 3553(a), the court pronounced the sentence as: 57 months as to Counts 1, 27, 33, and 34 *all to run concurrently* to one another for a total term of 57 months; 3 years supervised release as to Counts 1, 27, 33, and 34 to run concurrently to for a total term of 3 years; and a $400 special assessment. (Doc. 104).

### III.

### Argument and Citations to Authority

To establish that Lewis's attorney rendered ineffective assistance of counsel Lewis must show that (1) his attorney's performance was deficient, and (2) he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). To show deficient performance, Lewis must demonstrate that "the identified acts or omissions were outside the wide range of professional competent assistance." *Id*. at 690. To establish prejudice, Lewis must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. But a claim of ineffective assistance of counsel will fail if it does not satisfy both prongs

---

[1] Altogether, Defense counsel offered a total of 19 objections and clarifications to the PSR.

of the *Strickland* test. *Id*. at 690. So the *Strickland* inquiry may be posed in "reverse order", because where the petitioner fails to establish prejudice, a court need not decide if counsel's performance was deficient. *Id*. at 697; *Oats v. Singletary*, 141 F.3d 1018, 1025 (11th Cir. 1998).

A movant alleging ineffective assistance of counsel faces a high burden. The Eleventh Circuit has recognized that "the cases in which habeas petitioners can properly prevail…are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*quoting Waters v. Thomas*, 46 F.3d 1506 (11th Cir. 1995)(en banc)).

**A. Lewis is unable to demonstrate prejudice as a result of his attorney's representation because, even if his attorney objected, Defendant's sentence would still be 57 months.**

Lewis claims that his attorney provided ineffective assistance of counsel at sentencing because he did not object to the application of a statutory enhancement for Count 27, which resulted in a four-level enhancement under 2k2.1(b)(4)(B). Under 2k2.1(b)(4)(B), the base offense level is increased by 4 levels if the firearms seized had obliterated firearm. But Lewis argues that the specific offense level should not apply because he already plead guilty to unlawfully transferring a firearm where the firearm was obliterated under 18 U.S.C. § 922(k). Said differently, Defendant argues that his total offense level should be 21 resulting in an advisory guideline range of 37 to 46 months for Count 27.

The fundamental defect, however, in Lewis's claim is that he has not established prejudice based on the "concurrent sentence doctrine." *See United States v. Bradley*, 644 F.3d 1213, 1293 (11th Cir.2011). The "concurrent sentence doctrine provides that, if a defendant is given concurrent sentences on several counts and the

6

conviction on one count is found to be valid, an appellate court need not consider the validity of the convictions on the other counts." *Id.* "Only when the defendant would suffer adverse collateral consequences from the unreviewed conviction does the doctrine not apply." *Id.*

The case of *Stinfort v. United States,* No. 21-10843, 2022 WL 2297758, at *2 (11th Cir. June 27, 2022), is instructive. In that case, defendant alleged that his counsel's failure to object to the 120-month sentence for conspiracy to commit wire fraud, was ineffective-assistance. *Id.* The court rejected that claim because he could not show prejudice. The court held that even if defendant's counsel had successfully objected and caused defendant's sentence on this count to be reduced, his total sentence would remain that same. The court observed that defendant's 120-month sentence for the conspiracy count ran concurrently with five other concurrent 120-month sentences for defendant's five substantive counts of wire fraud. *Id.* "Therefore, even if [defendant's] trial counsel had successfully objected to his 120-month sentence for conspiracy, he would have received the same [] total prison sentence." *Id.*

In this case, Lewis concedes, as he must, that Count 27 (Possession of a Firearm with an Obliterated Serial Number) runs concurrently to Count One (Conspiracy to Make False and Fictitious Written Statements to a Licensed Firearms Dealer), Count Twenty-Nine (Submitting False Export Information), and Count Thirty-Four (Possession with Intent to Distribute Marijuana). (Doc. 132-1 at 2). And in each of these counts, Defendant was sentence to 57 months. Defendant, therefore, cannot show a reasonable probability that the outcome of the proceeding would have been different but for counsel's error. Because he cannot show prejudice, the Court need

7

not consider whether Lewis's counsel's performance was competent.[2] *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069 (holding that "there is no reason for a court deciding an ineffective assistance claim…to address both components of the inquiry if the defendant makes an insufficient showing on one.").

### B. Lewis's claim fails because he cannot show a complete miscarriage of justice based on an alleged misapplication of the advisory sentencing guidelines.

Lewis's challenge to his sentence is also not cognizable on collateral review because Section 2255 does not provide a remedy for every alleged sentencing error. *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014); *see also Delva v. United States*, 851 F. App'x 148, 154 (11th Cir. 2021). When a movant claims that his "sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), he must show that the alleged error "constituted a fundamental defect which inherently results in a complete miscarriage of justice," *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (quotation marks omitted).

Such a miscarriage of justice occurs where a defendant alleges that he is actually innocent, or where a defendant's sentence is "unlawful," such as when the defendant and his counsel are denied the right to be present at the sentencing hearing, or where the sentence exceeds the statutory maximum. See id. at 1138-39. Likewise, a sentencing error qualifies as a "fundamental defect" where "a prior

---

[2] Notably, Lewis would have a heavy burden to show that his counsel was incompetent. Lewis's counsel offered a total of 19 objections and clarifications to the PSR. Indeed, Lewis's counsel successfully argued that a trafficking firearms enhancement under USSG § 2K2.1(b)(5) should not apply, despite the fact that he smuggled nearly 40 guns and individuals in the United Kingdom were arrested following a delivery of Lewis's firearms.

8

conviction used to enhance his sentence has been vacated." *Godwin v. United States*, No. 3:10-CR-276-J-34JBT, 2018 WL 6172424, at *8 (M.D. Fla. Nov. 26, 2018). However, lesser errors, such as a misapplication of the sentencing guidelines, do not authorize relief under § 2255, as here. *Id.; see also Terry v. United States*, No. 3:10-CR-17-J-34JRK, 2020 WL 2198246, at *5 (M.D. Fla. May 6, 2020).

In this case, Lewis has failed to allege a fundamental error. Instead, he alleges that his attorney failed to raise an objection to the advisory sentencing guidelines, which the Eleventh Circuit has held is not an error resulting in a "complete miscarriage of justice." *Spencer*, 773 F.3d at 1139 (noting that "[a] prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated"). Because Lewis has neither alleged that he is actual innocent nor raised a "complete miscarriage of justice," his claim for relief should be denied.

### C. There is no need for an evidentiary hearing

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, an evidentiary hearing is not necessary to resolve the merits of this action. *See Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002) (indicating that an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (concluding that a petitioner's ineffective assistance claim can be dismissed without an evidentiary hearing when the petitioner alleges facts that, even if true, would

not entitle him to relief); *Dickson v. Wainwright*, 683 F.2d 348, 351 (11th Cir. 1982) ("On habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel."); *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007). For the reasons set forth below, Lewis's Motion to Vacate should be denied.

        Respectfully submitted,

        RYAN K. BUCHANAN
          *United States Attorney*

        /s/ DASHENE A. COOPER
          *Assistant United States Attorney*
        Georgia Bar No. 385738
        dashene.cooper@usdoj.gov

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record, and by mailing a copy with sufficient postage to:

>Jahziah Roy Lewis
>Reg # 11231-509
>FCI Bennettsville
>P.O. BOX 52020
>Bennettsville, SC 29512

August 16, 2022

/s/ DASHENE A. COOPER

DASHENE A. COOPER

*Assistant United States Attorney*